IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

**CHAD SIEDLIK, and MELISSA SIEDLIK,**

**Plaintiffs,**

**vs.**

**STATE FARM FIRE AND CASUALTY COMPANY,**

**Defendant.**

**8:24-CV-00027**

**BRIEF IN OPPOSITION OF DEFENDANT'S MOTION TO BIFRUCATE AND STATE DISCOVERY OF PLAINTIFFS' BAD FAITH CLAIM**

**COMES NOW** Plaintiffs, Chad Siedlik and Melissa Siedlik, by and through their undersigned counsel, and hereby submit this Brief in Opposition of Defendant's Motion to Bifurcate and Stay Discovery of Plaintiffs' Bad Faith Claim (ECF Nos. 15-16), as follows:

## INTRODUCTION

Plaintiffs' actions for breach of contract and bad faith stem from their claim for storm caused damage to their residential home in Omaha, Nebraska. Despite initially representing that their roof covering required replacement due to irreparable damage and going as far as notifying Plaintiffs that payment had been issued, State Farm suddenly retracted its coverage extension and refused to issue payment. Plaintiffs supplied State Farm with a professional engineering report which not only documented the same storm caused damage previously identified by State Farm, but which identified a number of flaws within the investigative materials relied upon by State Farm to deny the claim. State Farm failed to consider the opinions of Plaintiffs' professional engineer, in direct violation of Nebraska's unfair claims practices act, and instead notified Plaintiffs that it was maintaining its denial of the insurance claim.

Plaintiffs complied with all policy conditions and cooperated fully in State Farm's investigation. Yet, State Farm's refusal to pay after acknowledging damage necessitating full roof replacement constitutes a breach of contract under the policy. Defendant has also committed a breach by conducting an incomplete and inadequate investigation of Plaintiffs' claim, including omitting estimate line items of multiple building components damaged by the hailstorm. Plaintiffs further seek damages caused by State Farm's bad faith breach of the insurance contract demonstrated by, *inter alia*, its deliberate disregard of objective evidence of unpaid hail damage presented by Plaintiffs' professional engineer, Plaintiffs' general contractor, and State Farm's own field adjuster.

Staying proceedings related to the bad faith claim would not promote expeditious progression or resolution of this case. To the contrary, the record indicates that such an approach would unduly prolong and complicate this litigation. The outcome of each cause of action hinges upon State Farm's evaluation and investigation of the amount owed under the policy and will involve the same witnesses and documents. The claims are so interrelated that it would be burdensome to try to determine what particular evidence is solely relevant to the breach of contract claim. Moreover, the creation of two phases of discovery would lead to duplication of efforts and further delay.

The nature of the claims in this action are so intertwined that bifurcation would create a duplicative process, which would result in increased costs for the parties and the frustration of judicial economy. For these reasons, the Court should deny State Farm's motion to bifurcate.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42, a court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims "[f]or convenience, to

avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42. While bifurcation may be appropriate in insurance litigation when the plaintiff has jointly pleaded allegations of bad faith with contract claims for coverage under an insurance policy, particularly where the evidence relevant to the bad faith trial could be prejudicial in the coverage litigation, "the bifurcation of breach of contract/bad faith claims is not a rule and the analysis must be performed on a case-by-case basis." *See Kermeen v. State Farm Ins. Co.*, No. 8:14-CV-416, 2015 WL 4727646, at *4 (D. Neb. Aug. 10, 2015). If discovery on the claims "substantially overlaps, bifurcation may create a duplicative process which promotes inefficiency, inconvenience and the unnecessary expenditure of resources." *Ameritas Life Insurance Corporation v. Federal Insurance Company*, 2017 WL 432693, *2 (D. Neb. Jan. 31, 2017) (internal quotation omitted).

Notably, "[t]he party seeking severance has the burden of proving that separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party." *Stoltenberg v. Unum Life Insurance Company of America*, 2005 WL 6934456, *2 (D. Neb. Dec. 12, 2005). In addition to convenience, economy, and prejudice, courts consider the following in evaluating whether to bifurcate discovery and order separate trials: (1) whether the issues sought to be tried separately are significantly different; (2) whether the issues are triable by jury or the court; (3) whether discovery has been directed to a single trial of all issues; (4) whether the evidence required for each issue is substantially different; (5) whether one party would gain an unfair advantage; (6) whether a single trial would create the potential for jury bias or confusion; and (7) whether bifurcation would enhance or reduce the possibility of settlement. *Ameritas Life Ins. Corp. v. Federal Ins. Co.*, 2017 WL 432693, at *2 (D. Neb. Jan. 31, 2017).

District courts have broad discretion to bifurcate issues for purposes of trial. *See Athey v. Farmers Insurance Exchange*, 234 F.3d 357, 362 (8th Cir. 2000).

## ARGUMENT

Bifurcation would not promote convenience but rather exacerbate inconveniences, inefficiencies, as well as harm to the parties and third parties involved, the court, and the administration of justice. The separation of trials would only add layers of complexity and prolong the legal process. Rather than streamlining proceedings, bifurcation risks fragmenting the case, leading to increased costs, time, and efforts for parties and this Court. Due to the overlap of these claims, it would be more efficient for the Court to hear both causes of action at the same time, avoiding the waste of judicial resources and preventing unnecessary delays by not conducting two separate trials with much of the same evidence and witnesses. Therefore, State Farm's motion must fail.

### A. Bifurcation is Not the Routine, Nor the Rule: State Farm's Motion to Bifurcate Should be Denied, as Bifurcation Will Not Promote Convenience, Expedience or Economy.

It is wholly within the Court's discretion to bifurcate causes of action, and State Farm, as the moving party, has the burden to show that Plaintiffs' causes of action should be bifurcated. *Ford's Mercantile Warehouse v. Vanliner Ins. Co.*, No. 8:20-cv-00108-RFR-SMB, p 2 (D. Neb. Jan. 13, 2021) (Attached Order). The inconveniences, inefficiencies, and harms inherent in these probable consequences of bifurcation, to the parties and third parties, to the court, and to the prompt administration of justice, weigh against separation of trials and suggest that, for those probable adverse effects to be overcome, the circumstance justifying bifurcation should be particularity compelling and prevail only in exceptional cases. *See Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 66 (E.D.N.Y. 2007). In order to weigh the interests and maintain the balance so that neither party is prejudiced, courts across the nation and within Nebraska look to the following factors:

> "whether the issues sought to be tried separately are significantly different; whether the issues are triable by jury or the court; whether discovery has been directed to a single trial of all issues; whether the evidence required for each issue is substantially different; whether one party would gain some unfair advantage from separate trials; whether a single trial of all issues would create the potential for jury bias or confusion; and whether bifurcation would enhance or reduce the possibility of a pretrial settlement."

*Parker v. United States*, No. 8:18-cv-00123-BCB-MDN, 2019 WL 11795493, at *1 (D. Neb. Mar. 26, 2019)(citations omitted); *Beachfront North Condo. Assoc., Inc. v. Lexington, Ins. Co.*, 2015 WL 3879665, at *1 (D.N.J. June 24, 2015); *Picozzi v. Connor*, 2012 WL 2839820, at *6 (D.N.J. July 9, 2012).

Here, Plaintiffs' claims for breach of the insurance contract and bad faith are not significantly different from one another, as to necessitate separate litigation. Plaintiffs' claim for breach of the insurance contract involves State Farm's confirmation of irreparable damage to the roof covering and agreement to release coverage for full replacement, even notifying Plaintiffs that payment had been issued, then sudden retraction of the coverage. While Plaintiffs supplied State Farm with a professional engineering report confirming the damage observed by State Farm's field adjuster, State Farm refused to consider the information submitted. Similarly, Plaintiffs' claim for bad faith breach of the insurance contract deals solely with State Farm's handling of the underlying claim, including its violations of Nebraska's unfair claims settlement practices act and refusal to consider all available information, and seeks to determine whether those intertwined actions were made in bad faith.

Although bifurcation could potentially advance judicial economy if State Farm prevails on the contract claim, the opposite would be true if State Farm is found to have breached the Policy. In that event, there would be another round of discovery, potential motion practice, and the Court would have to hold another trial involving testimony from the same key witnesses, including

Plaintiffs, State Farm's corporate representative, each of the field adjusters, and each of the desk adjusters, who touched this claim. Likewise, documentary evidence including all correspondence between State Farm's employees/agents, the claims file, and underwriting file demonstrating the condition of the home prior to the storm event, will be used in both the breach of contract and bad faith claims, which State Farm is refusing to produce. Furthermore, the testimony and evidence relevant to Plaintiffs claim for bad faith breach of the insurance contract is directly relevant to their claim for breach of the insurance contract as they may demonstrate witness bias to the jury.

Plaintiffs would undoubtedly be prejudiced if their claim for bad faith breach of the insurance contract is bifurcated. It has been nearly two years since their home was damaged, and any further delays would benefit State Farm, which continues to hold onto insurance proceeds due to Plaintiffs. Conducting separate trials for these causes of action would force the Plaintiffs to repeat their case, using the same evidence and arguments, doubling their burden and expenses, and delaying resolution. This duplication of efforts unfairly places an additional burden on Plaintiffs, who are already facing delays in resolving their insurance claim. On the other hand, State Farm only benefits by bifurcation, as it continues to drag this matter out longer, thus costing Plaintiffs additional funds to try the same matter twice.

**B. Plaintiffs Are Entitled to All Documents They Requested to Support Both of Their Causes of Action; Production Would Not Prejudice State Farm.**

Discovery of claim file materials here will assist Plaintiffs in determining the extent of both the breach of contract and bad faith claims. By State Farm's continued withholding of these critical materials from Plaintiffs, State Farm is effectively hampering their ability to fully establish their case relating to both claims. This act of withholding evidence only serves to prejudice Plaintiffs' position. With this in mind, it appears that State Farm is using its Motion as a veiled attempt to be

excused from responding to certain valid discovery requests which is not a lawful or justifiable reason for State Farm's request for bifurcation.

Federal Rule of Civil Procedure 26(b)(1) does not shield documents prepared in the ordinary course of business from general discovery. It is a fundamental aspect of an insurance company's operations to investigate claims, whether made by an insured against the insurer or by a third party against the insured. Accordingly, it is reasonable to consider that investigating claims constitutes a normal business activity for an insurer. Thus, both the claim file and the underwriting file should be regarded as ordinary business records. These documents are distinct from those protected under the attorney work product doctrine or the attorney-client privilege and should not be withheld from discovery on these bases.

It is not a valid objection that the discovery sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Lewton v. Divingnzzo*, 2010 WL 1630719, at *4 (D. Neb. Apr. 21, 2010)(citing Fed. R. Civ. P.26(b)(1)). A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party. *Id.* (internal citations omitted).

Here, State Farm has refused to produce almost all documents that Plaintiffs have requested in their first set of written discovery. These are standard discovery requests, which the undersigned has issued in many hailstorm damage cases, including in Nebraska and Federal Courts. The information and documents requested are relevant to both Plaintiffs' breach of contract and bad faith claims and will build the foundation of State Farm's breach of contract and its failure to act in good faith. As such these documentation requests are discoverable under Rule 26. State Farm's refusal to release requested documents and answer interrogatories suggests it is hiding the ball by withholding information that will establish both of Plaintiff's causes of action. If State Farm did

not have anything to hide and knew that the documents supported its position, it would be proactive in providing this documentation to Plaintiffs. This reluctance to disclose information undermines the principles of transparency and fairness in the discovery process.

State Farm claims Plaintiffs have "requested voluminous discovery. . . only relevant and admissible in Plaintiffs' bad faith claim and is irrelevant to the breach of contract claim." (ECF No. 16, at p 9.) Accordingly, State Farm has refused to produce the entire claim file and the underwriting file.

However, this information/documentation is relevant and necessary in Plaintiffs' breach of contract claim. The underwriting file will demonstrate State Farm's knowledge of the condition of the Home's exterior prior to the hailstorm and corresponding damages, including any prior inspections or reports. The claim file likely contains detailed records and communications that will demonstrate State Farm's initial acknowledgment of damages resulting from the storm, including the need for roof replacement, which is pivotal in establishing the legitimacy of Plaintiffs' insurance claim and the extent of compensable damages under the policy. Objecting that Plaintiffs' Request for Production regarding the claim file and underwriting file is only relevant to the bad faith claim is simply incorrect. These documents are crucial to the Plaintiffs' primary case, providing necessary context and substantiating their claims against State Farm.

The documents that Plaintiffs have requested in their Request for Production of Documents, are documents commonly requested and received from insurance carriers in both breach of contract and bad faith claims. These documents are not overly broad, irrelevant, and will support Plaintiffs' claim for both breach of contract and bad faith. The primary risk of prejudice lies with the Plaintiffs, who would be hindered in substantiating their breach of contract claim should State Farm's Motion be granted.

Contrary to its assertions, State Farm has not demonstrated how it would suffer prejudice if the matter is not bifurcated. Instead, bifurcation would likely confer an unfair advantage upon State Farm, enabling it to protract the proceedings, thereby withholding benefits and imposing additional costs upon Plaintiffs. Specifically, if the matter is bifurcated and/or discovery is stayed, that will require Plaintiffs to take discovery in essentially two phases, which includes traveling for two and potentially three rounds of depositions, and ultimately being forced to try the same matter twice.

Given the significant overlap between the breach of contract and bad faith causes of action in this case, any additional discovery requested, or witnesses called would be minimal. Therefore, it is both efficient and judicious to try both of these causes of action together. This approach will avoid unnecessary delays and reduce the redundancy of separately litigating interrelated issues that share common elements.

### C. This Court has Previously Held Against State Farm and Other Insurers, Including On Hail-Related Claims, Finding that Bifurcation Wastes Judicial Resources.

In *Thornton v. State Farm Ins. Companies*, the plaintiff brought an action for breach of contract and bad faith in the same lawsuit against State Farm relating to its failure to release underinsured motorist benefits. 2013 WL 6904995, at *1 (D. Neb. Nov. 13, 2013). The court rejected State Farm's bifurcation motion by explaining that "staying all discovery and proceedings related to the bad faith claim would [not] promote expeditious progression and resolution" of the claims. *Id.*

Similarly, in *Norfolk v. Owners Ins. Co.*, the court denied the insurer's bifurcation motion in a property insurance dispute arising from hailstorm damages, noting that such a move would unnecessarily prolong and complicate the litigation. No. 8:16-cv-00489-RFR-SMB, pp 2-3 (D.

Neb. May 27, 2017) (Attached Order). The court observed that the issues in both the breach of contract and bad faith claims were intertwined, involving the insurer's assessment of damages, with overlapping witnesses and evidence, thus concluding that bifurcation would "create a duplicative process, resulting in increased costs and frustration of judicial economy." *Id*. at 4.

Moreover, in *Ford v. Vanliner Ins. Co.,* the court held that bifurcating the plaintiff's hailstorm-related breach of contract claim from the bad faith claim would not serve judicial economy or convenience. No. 8:20-cv-00108-RFR-SMB, pp 2-3 (D. Neb. Jan. 13, 2021) (Attached Order). The court emphasized that both causes of action depended heavily on how the insurance carrier had evaluated and investigated the claim amounts for hail damage under the policy, involving similar testimonies and documentary evidence. *Id*. at 3 "Given the similarity between the causes of action, an evidentiary overlap exists" and thus, bifurcation "would create a duplicative process, resulting in increased cost" while not necessarily expediting the case's resolution. *Id*. The court also concluded that bifurcation would likely cause prejudice to the plaintiff through additional delays and increased litigation costs, outweighing any potential benefits of separating the trials. *Id*. at 4.

In the present case, the breach of contract and bad faith claims are closely connected, requiring the same witnesses and documentary evidence. For example, the testimony of representatives who assessed the storm damage is central not only to the claim of unreasonable investigation but also to demonstrating that State Farm addressed the Storm damages and acknowledged liability for the roof replacements, a core element of the breach of contract. Thus, Plaintiffs plan to call these witnesses and use this documentation to address both claims effectively.

Under Federal Rule of Civil Procedure 30(b)(6) and 30(b)(1), Plaintiffs have a right to depose State Farm's corporate representative and adjusters associated with Plaintiff's insurance

claim. Testimony from Plaintiffs, State Farm's corporate representatives, and all adjusters involved will be critical for illustrating how the claim was processed and handled, pertinent to both the breach of contract and bad faith actions.

Documentary evidence such as correspondence, investigative reports, and the claims and underwriting files will also be crucial for both claims. Given this substantial overlap, bifurcating the issues and delaying discovery on the bad faith claim would unnecessarily complicate and prolong proceedings, contrary to the intended efficiency of bifurcation. Therefore, State Farm's motion to bifurcate should be denied, allowing Plaintiffs to proceed with a unified trial on both causes of action. This approach will ensure a more streamlined and expedient resolution of the case.

Based on the overlap of evidence here, bifurcating the issues for trial and staying discovery on bad faith will only serve to delay the judicial proceedings, when the goal of bifurcation is to expedite them. As a result, State Farm's motion must be denied, and Plaintiffs should be permitted to proceed on both causes of action.

## CONCLUSION

The bifurcation of Plaintiffs' causes of action and staying discovery related to the bad faith claim would not promote the expeditious progression or resolution of this case. That is because Plaintiffs' claims for breach of contract and bad faith are not entirely legally and factually distinct. Given the similarity between the causes of action, an evidentiary overlap exists. The outcome of each cause of action largely hinges upon State Farm's evaluation and investigation of the amounts owed under the insurance policy and will involve the same witness testimony, expert reports, claim file materials, and documentary evidence to prove each claim. Bifurcation would not serve to

promote convenience, expediency, and judicial economy, but instead cause a substantial prejudice to Plaintiffs through further delay and increased litigation costs.

Accordingly, in the interest of judicial economy and fairness, this Court should deny State Farm's motion, allowing both causes of action to be tried concurrently and enabling a more streamlined and effective adjudication of this matter.

Dated: May 6, 2024

Respectfully submitted,

*s/ Matthew E. Stalcup*

Matthew E. Stalcup
Merlin Law Group
1001 17th Street, Suite 1150
Denver, CO 80202
Telephone: (720) 665-9680
E-Mail: mstalcup@merlinlawgroup.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I electronically filed a true and correct copy of the above **Brief in Opposition of Defendant's Motion to Bifurcate and Stay Discovery of Plaintiffs' Bad Faith Claim** with Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Spencer W. Werth, #25574
FRASER STRYKER PC LLO s
500 Energy Plaza c
409 South 17th Street
Omaha, NE 68102-2663
Telephone: (402) 341-6000
Facsimile: (402) 341-8290
swerth@fraserstryker.com

*s/ Agnieszka Karcz*
Agnieszka Karcz